UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06855-HDV-(SSCx) | Date | October 15, 2024 |
| Title | *Karla R. Barahona Serrano v. Nissan North America, et al.* | | |

Present: The Honorable   Hernán D. Vera, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** IN CHAMBERS—ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S REQUEST FOR ORDER TO SHOW CAUSE [12]

Before the Court is Plaintiff's Motion to Remand and Request for Order to Show Cause ("OSC") Pursuant to Rule 11(c)(3) ("Motion") [Dkt. No. 12]. Plaintiff argues that the removal of this case in August 2024 was untimely. Specifically, Plaintiff maintains that the Case Management Conference Statement served on Defendants in March 2024 (the "CMC Statement") sufficiently put Defendants on notice that the amount in controversy threshold had been met, thereby triggering the statutory 30-day time limit for removal under 28 U.S.C. § 1446.

The Court agrees. The CMC Statement on its face sought $50,000.00 in restitution damages, $20,000 in attorney's fees, and civil penalties of twice Plaintiff's actual damages. That undoubtedly put the amount in controversy necessary for diversity jurisdiction well over the $75,000 threshold. Since Defendants missed the 30-day removal window triggered by that "other paper," removal was untimely.

## I.    Background

Plaintiff filed its Complaint in state court on October 2, 2023. Notice of Removal ("NOR"), Ex. 1 [Dkt. No. 1-1]. Defendants filed their Answer on January 18, 2024. Declaration of Roy Enav in Support of Plaintiff's Motion ("Enav Decl.") ¶ 7, Ex. 3 [Dkt. No. 1-1-3]. On March 18, 2024, Plaintiff served Defendants with a copy of the CMC Statement. Enav Decl. ¶ 9, Ex. 5 [Dkt. No. 1-1-5].

Defendants filed the NOR on August 13, 2024. [Dkt. No. 1]. Plaintiff filed the instant Motion on August 30, 2024. [Dkt. No. 12]. The Court heard oral argument on October 3, 2024, and took the matter under submission. [Dkt. No. 17].

## II.    Legal Standard

Generally, a civil action filed in state court may properly be removed if there is federal subject-matter jurisdiction at the time of removal. *See* 28 U.S.C. § 1441. A notice of removal must be filed within 30 days of the initial pleading or summons if, using a "reasonable amount of intelligence," the grounds for removability can be ascertained by such pleading or summons. *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013); 28 U.S.C. § 1446(b).

Should the initial pleading not reveal grounds for removal, the notice of removal must be filed within 30 days of the defendant receiving an "amended pleading, motion, order ***or other paper***" so long as this instigating document displays removability on its face. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (citing 28 U.S.C. § 1446(b)) (emphasis added). The 30-day time limit, although procedural in nature, is mandatory and a successful challenge to removal based on a late notice obligates remand. *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014).

### III.    Discussion

Plaintiff contends that its CMC Statement qualifies as an "other paper" under 28 U.S.C. § 1446(b) and that this document triggered the 30-day removal clock because it "unequivocally" and "on its face" showed that the $75,000 amount in controversy threshold had been exceeded. Motion at 6. The relevant language from the CMC Statements states:

> Plaintiff seeks recission of the purchase contract, restitution of all monies expended for the vehicle, incidental and consequential damages, civil penalties in the amount of two times Plaintiff's actual damages, diminution in value, prejudgment interest, reasonable attorney's fees and costs of suit, general, special and actual damages according to proof at trial. Plaintiff's restitution damages are in excess of $50,000.00 and attorney's fees and costs are currently in excess of $20,000.00.

Enav Decl., Ex. 5. Defendants respond that the CMC Statement does not clearly pray for an amount in excess of the jurisdictional threshold but "at best" alleges an amount in excess of $70,000. Opposition to Plaintiff's Motion at 7.

Ninth Circuit law is clear that "[m]ultiplying figures clearly stated" is a recognized part of using a "reasonable amount of intelligence" for purposes of jurisdictional due diligence. *Kuxhausen*, 707 F.3d at 1140. Put simply: do the math.

Here, on a plain reading of the language excerpted above, Plaintiff is seeking at least $50,000 in restitution damages, "two times" this amount in civil penalties (equaling a minimum of $100,000), and $20,000 in fees – totaling a minimum of $170,000. It is therefore beyond cavil that Plaintiff's CMC Statement satisfied the test for gauging removability.

In summary, since the 30-day removal clock began on March 18, 2024 when the CMC Statement was served, and since the Notice of Removal was filed August 13, 2024 nearly five months later, removal was not timely.[1]

---

[1] The Court notes that this result comports with the decision in other cases resolving similar issues between the same parties. *See e.g.*, *Hauffen v. Nissan North America, Inc.*, No. LA CV24-03727-JAK-(AGRx), 2024 WL 3462347 (C.D. Cal. July 15, 2024) (holding that the plaintiff's

The Motion to Remand is granted.[2]

**IT IS SO ORDERED.**

---

CMCS using similar language qualified as an "other paper" that clearly evinced removability triggering the 30-day deadline and citing other cases holding the same).

Defendants' alternative argument against remand challenges the veracity of the CMC Statement itself. Defendants contend that the damages alleged in the CMC Statement are "unreliable" because Plaintiff is purported to have filed identical statements in other cases using the same "boilerplate" language. Opposition at 8–9. No other case has recognized this type of defense.

[2] Plaintiff also asks the Court to issue an OSC to explore whether Defendants' removal filing violates Fed. R. Civ. P. 11. Motion at 11. Specifically, Plaintiff avers that the NOR was filed for an "improper purpose" of discovery delay and potentially merits sanctions. *Id*. The Court declines the invitation to engage in that analysis here and does not find bad faith on this record.